FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 16, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DANIELLE M.,[1]

Plaintiff,

v.

FRANK BISIGNANO
COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

NO: 4:25-CV-05154-RLP

ORDER REVERSING AND
REMANDING THE
COMMISSIONER'S DECISION FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) denial of disability claims pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The Court considered the matter without oral argument. For the reasons discussed below, the Court concludes the ALJ committed harmful legal error in evaluating medical opinion evidence and Ms. M.'s symptom testimony. Therefore, Ms. M.'s brief, ECF No. 15, is granted and the Commissioner's brief, ECF No. 17, is denied.

---

[1] Plaintiff's first name and last initial are used to protect her privacy.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION
* 1

## BACKGROUND

Plaintiff Danielle M. was born in 1969. Tr. 317. She went to one year of college. *Id.*

Ms. M. applied for Title II and Title XVI disability benefits on January 24, 2022, alleging an onset date of September 1, 2018, based on the following conditions: Lumbar Spinal Stenosis; Anxiety; Depression; and Asthma. Tr. 30, 33, 317-327. Her application was denied initially and upon reconsideration. Tr. 212-16. Ms. M. requested a hearing, which was held on June 17, 2024. Tr. 30, 59-112. The ALJ denied her application on October 23, 2024. Tr. 33-34. Ms. M. appealed the ALJ's decision and the appeals counsel denied review. Tr. 1-6. She now appeals to this Court.

## STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). If the evidence in the record "is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 2

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10, 129 S.Ct. 1696 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 3

gainful activity," the Commissioner must find the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC), which is the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If not, the analysis proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 4

national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Ms. M. has not engaged in substantial gainful activity since September 1, 2018, the alleged onset date. Tr. 33. At step two, the ALJ found Ms. M. had the following severe impairments: depressive disorder, anxiety disorder, post-traumatic stress disorder (PTSD), degenerative disc disease, and asthma (20 CFR 404.1520(c) and 416.920(c)). Tr. 34. At step three, the ALJ found the severity of Ms. M.'s impairments did not meet or equal the medical listings 1.15 (Disorders of the skeletal spine resulting in compromise of a nerve root), 3.03 (Asthma), 12.02 (Neurocognitive disorders), 12.04 (Depressive, bipolar and related disorders), 12.06 (Anxiety and obsessive-compulsive disorders) and 12.15 (Trauma- and stressor-related disorders). Tr. 34. The ALJ then found she had the residual functioning capacity (RFC) to perform a full range of light work as designated in 20 CFR 404.1567(b) and 416.967(b):

except the claimant can lift and carry up to 20 pounds occasionally; she can lift and carry 10 pounds frequently; and she can stand and walk for at least 6 hours in an 8 hour day and she can sit at least 6 hours in an 8 hour day with regular breaks every two hours. The claimant should avoid climbing ladders, ropes and scaffolds; she can occasionally climb ramp and stairs, balance (as defined in SCO), stoop, kneel, crouch and crawl. The claimant can perform frequent overhead reaching bilaterally. The claimant should avoid concentrated exposure to extreme temperatures of both hot and cold, excessive vibrations and air born particulates such as dusts, fumes, gases, etc, The claimant should avoid all exposure to unprotected heights, hazards, and hazardous machinery. The claimant is limited to simple instructions; she should avoid working with general public; she can have occasional and superficial interactions with coworkers; she should avoid tandem tasks with coworkers; and she should avoid fast-paced assembly work.

Tr. 35. In formulating the limitations included in Ms. M.'s RFC, the ALJ considered the opinions of Steven Rode, D.O., Brandon Bergquist, PT, Kristine McMurray, NP, David Morgan, PhD, and state consultative examiners Dennis Koukol, M.D., Colleen Ryan, M.D., and Alvin Smith, Ph.D. *Id*. at 39-41. At step four, the ALJ found she has no past relevant work. At step five, the ALJ found that, prior to September 7, 2024,[2] there existed significant jobs in the national economy Ms. M. could have performed. Tr. 44. The ALJ found that after that date, Ms. M. became disabled. *Id*.

## ANALYSIS

Ms. M. argues the ALJ erred in rejecting the medical opinion testimony of Physical Therapist Brandon Bergquist's opinion concerning her physical limitations,

---

[2] Ms. M.'s age category changed on this date. Tr. 44.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 6

and Dr. David Morgan's and Nurse Kristine McMurray's opinions concerning her mental limitations. She also argues the ALJ erred in rejecting her symptom testimony. Based on these evidentiary errors, Ms. M. contends the ALJ erred at step five. Given the nature of the alleged errors and the state of the record, Ms. M. requests that this matter not merely be remanded, but that the Court order remand for an award of benefits.

The Court agrees with Ms. M. that the ALJ erred in assessing the evidence. But a remand for benefits is unwarranted. Each assignment of error is addressed in turn.

1. *Medical Opinions*

Ms. M. challenges the ALJ's treatment of Mr. Bergquist, Dr. Morgan and Nurse McMurray. She argues their opinions are supported by their examinations, the longitudinal record, and Ms. M.'s symptom testimony. The Commissioner contends the ALJ's opinion was supported by other medical opinions in the record, and Ms. M.'s failure to recognize those other opinions constitutes forfeiture of the argument.

"[T]he ALJ must assess the persuasiveness of each medical opinion after considering specified factors." *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024). "Consistency and supportability are the most important factors." *Id*. "Supportability means the extent to which a medical source supports the medical

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 7

opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* (quoting 20 C.F.R. § 404.1520c(c)(2)).

The Court reviews ALJ's findings for substantial evidence. *Id.* at 788. Substantial evidence is "more than a mere scintilla" but "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103, 139 S. Ct. 1148 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206 (1938)). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### a. Examining Physical Medical Source, PT Bergquist

Mr. Bergquist examined Ms. M.'s functional capacity on April 12, 2022. Tr. 1796-1806. Based on his examination, he recommended "activities that allow for frequent position changes, occasional walking, below shoulder height activities, and occasional weight not exceeding 10 pounds." Tr. 1805. Mr. Bergquist noted limitations including a limited tolerance for elevated work, forward bending, and standing, and that Ms. M. requires a rail when using stairs. Tr. 1799.

The ALJ assessed these limitations as poorly supported by the record

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 8

showing good overall body mechanics and no evidence of hip or knee impairments. The ALJ further observed Ms. M.'s pain and limitations were more likely a result of her degenerative spine, not her knees or hips. Ms. M. contends the ALJ's reasons for rejecting the opinion are not justified by the record, and argues the ALJ conflated pain associated with lumbar and cervical radiculopathy. The Court agrees.

Mr. Bergquist provided no opinion as to causation. Therefore, the ALJ's conclusion that Mr. Bergquist misidentified the source of her limitations lacks support. Similarly, Mr. Bergquist's finding of lower extremity limitations is consistent with imaging of Ms. M.'s lumbar spine, showing noted abnormalities on her sacral base at L5 on S1, justifying limitations in her lower extremities. Tr. 1393, 1396, 1343, 1498. The fact that there is no knee impairment in the record is therefore not relevant to the persuasiveness of Mr. Bergquist's opinion.

b. **Examining Psychological Medical Sources, Kristine McMurray, ARNP, and David Morgan, PhD.**

On July 29, 2022, Ms. M. had a psychiatric consultative exam with Kristine McMurray, ARNP. Tr. 1464-71. Nurse McMurray noted Ms. M. arrived in tears and appeared poorly groomed. *Id*. Upon examination, Ms. M. had a depressed and irritable affect, delayed recall and was slow with serial 3s. *Id*.

On March 17, 2023, Dr. Morgan completed a psychological evaluation of

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 9

Ms. M. Tr. 2159. He assessed marked limitations in performing activities within a schedule; maintaining regular attendance; adapting to changes in a routine work setting; communicating and performing effectively in a work setting; maintaining appropriate behavior in a work setting; completing a normal work day and work week without interruptions from psychologically based symptoms; and setting realistic goals and planning independently. *Id*.

The ALJ found both opinions inconsistent with the longitudinal record showing normal mental health findings.[3] Notably, the rejected opinions appear to be the only ones from treating physicians, who would have had the opportunity to personally observe Ms. M. and assess her credibility.[4] Ms. M. contends, and this

---

[3] The ALJ also finds Dr. Morgan's opinion inconsistent with a later statement that Ms. M. could work to reengage. The finding is without citation, and does not appear to be incorporated into Dr. Morgan's report but is instead part of a state examiner's review of the report. *See* Tr. 2164.

[4] While the new regulatory framework eliminates the "treating physician rule," the ALJ is still to consider the physician's "relationship with the claimant" which includes the length of treatment, purpose of the treatment, extent of the treatment, and the existence of an examination, as well as "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 10

Court agrees, that the ALJ improperly relied on waxing and waning symptoms in discrediting both medical opinions. Tr. 40-41.

"Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014) "Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms." *Id*.

While some of the records the ALJ cited to show normal findings, *see* Tr. 468, 1342,[5] Tr. 1438-40, 1452, 2009, 1015, 2174, 2180, 2184, 2204-05, 2211, 2215, 2218-19, 2245, most records the ALJ cites to appear to corroborate, rather than contradict, the findings of both examining nurses. *See e.g.*, Tr. 1309-10 (mood was anxious and behavior was agitated); 1333 ( "tearful, agitated"); 1450 ( "argumentative, aggressive"); 1485 ("mood is anxious and depressed"); 1488 ("mood is depressed," "behavior is withdrawn" "withdrawn affect."); 1515 ("Mood

---

with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements". 20 C.F.R. § 404.1520c(c)(1)-(5).

[5] The Court notes that this appointment was for a neck mass, not psychiatric symptoms. *See* Tr. 1342.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 11

is anxious. Affect is labile, blunt and tearful.", "Behavior is agitated."); 1557 ("hospital attire and disheveled Behavior: limited participation in interview," "hostile and disinterested," "limited participation in interview," "soft, difficult to understand, and raspy," "Vague, evasive at times"; insight and judgment impaired); 1614 ("Mood is anxious and depressed. Affect is labile, angry and tearful…Behavior is agitated …Thought content is paranoid… includes suicidal ideation…[and] suicidal plan….Judgment is impulsive" ); 1905-07 ("mood is labile with congruent affect…irritable throughout evaluation… judgment at this time is not adequate as evidence by the [claimant] becoming verbally agitated multiple times."); 1918 ("she became assaultive"); 1923 ("mood was depressed and affect was congruent."; 1927 ("mood is depressed"); 1967 ("mood was depressed and affect was congruent"); 1971 ("mood was depressed and affect was blunted"); 1979 ("tearful"); 1993 ("Mood is anxious. Affect is labile."); 2033 ("mood is anxious and depressed"). Given this record, the ALJ's reasons for rejecting both medical opinions cannot be sustained.

### c. Forfeiture

Finally, the Commissioner contends Ms. M. failed to acknowledge other medical opinions supporting the ALJ's findings, and therefore forfeited a challenge as to any medical opinion. The Commissioner cites to *Nadon v. Bisignano*, 145 F.4th 1133, 1138 (9th Cir. 2025).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 12

The Commissioner's argument fails to two reasons. First, Ms. M.'s brief provided a legal basis and convincing argument in support of her challenge. This is therefore not a case in which forfeiture applies. *See Maria M. v. Bisignano*, 2025 WL 3162312 at *1 n.8 (E.D. Wash. Nov. 12, 2025). Second, the Commissioner's argument rests on a misreading of *Nadon*. The Ninth Circuit in *Nadon* found the plaintiff failed to recognize additional reasons the ALJ gave to discredit a medical opinion, and thus forfeited the argument the ALJ did not provide sufficient reasons for discounting the opinion. The Commissioner has not pointed to any supportive evidence Ms. M. failed to consider. Accordingly, this argument fails.

### 2. Symptom Testimony

An ALJ must conduct in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina v. Astrue*, 674 F.3d 1104, 1112 (quotation marks and citation omitted). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 13

"The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Ghanim*, 763 F.3d at 1163 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims).

At issue here is the ALJ's assessment at step two of the analysis. The ALJ found there was objective medical evidence of an underlying impairment which could reasonably be expected to produce Ms. M.'s alleged symptoms. Nevertheless, the ALJ ultimately rejected Ms. M.'s statements concerning the intensity, persistence and limiting effects of these symptoms as not entirely consistent with the medical evidence and other evidence in the record. Tr. 37.

The Court agrees with Ms. M. that the ALJ failed to substantiate the criticisms of her symptom testimony concerning her back pain and her mental health symptoms.

The ALJ's own citations corroborate Ms. M.'s experiences of back pain. *See* Tr. 1437-1440 ( "objective tenderness to her right and left paralumbar area"); 1581 (examiner noted tenderness and decreased range of motion in Ms. M.'s lumbar

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 14

back); 1322 (examiner observed with lower back tenderness); 1393-96 (imaging showing anterolisthesis at L5 to S1 with bilateral pars defects and disc space height loss with mild facet arthrosis at L4 to L5); 1434 (same); 1448 (same); 1498 (same).

So too with respect to Ms. M.'s alleged neck pain. Tr. 1801-02 (some limitations in upper extremities); 1346 ("[m]ultilevel degenerative changes noted in the cervical spine with foraminal stenosis most pronounced at C4-C5 on the left secondary to uncovertebral and facet arthropathy potential for impingement of the exiting left C5 nerve root"); 1395-96 ("There is mild bilateral uncovertebral arthropathy. Moderate left and mild right facet hypertrophy"); 1497 ("Slight progression in degenerative disc disease from the prior study."; "Potential impingement of the left C5 nerve root.").

While the record indicates Ms. M. had a normal range of motion[6], this does not appear inconsistent with any specific allegation.

---

[6] The Court notes most of the records cited to in support of this finding were for appointments where Ms. M. was being treated for other conditions and thus included no specific evaluation of her symptoms of back or neck pain. *See* Tr. 1452 (suicidal ideations); 1497 (bipolar disorder); 2009 (suicidal ideations); 1322 ( medication side effects); 1356 (gastro issues); 1333 (suicidal ideations); 1310 (depression); 1452 (same); 1497 (bipolar disorder); 1515 (suicidal ideations); 1581

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 15

Now turning to the ALJ's assessment of Ms. M's mental health symptoms, the ALJ discredited Ms. M.'s allegations of self-harm and suicidal behaviors because in 2019 she left an emergency room visit after being denied certain medications, citing to Tr. 1341, and in 2022 she reported she would kill herself if she did not get medication for her chronic pain, citing to 1449-50. Presumably, the ALJ is inferring Ms. M. is lying about her suicidal symptoms to obtain medication, but this is inconsistent with the ALJ's separate assessment that Ms. M.'s symptoms of self-harm should be discredited because they were alleviated with medication. (citing to Tr. 1927). In any event, "any reason the Court must 'infer' from the ALJ's decision as a reason for rejecting Plaintiff's testimony cannot meet the 'specific, clear and convincing standard.'" *Juan G. v. Kijakazi*, 2021 WL 5240498, at *5 (E.D. Wash. Aug. 19, 2021) (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 4934 (9th Cir. 2015)).

Likewise, the ALJ discredits Ms. M.'s allegations that she had difficulties dealing with people and homelessness, citing to group therapy notes. It is unclear why homelessness is relevant to the credibility of Ms. M.'s mental health symptoms, and a review of the group therapy notes appear to bolster rather than

---

(pain in elbows, knees, hips); 1993 (bipolar disorder); 2138 (same); 1509 (transportation).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 16

discredit her difficulties dealing with people. *See* Tr. 2231 ("Danielle attended this session reporting that she feels depressed and hopeless … She also had high stress incident in Cullum house. A couple of residents got into a fight an[d] were both discharged. She has been 'hiding in my room'."). This does not meet the clear and convincing standard. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (stating that rejecting or discounting a claimant's symptom testimony requires "specific findings stating clear and convincing reasons") .

Accordingly, the Court finds the ALJ failed to provide clear and convincing reasons to discredit Ms. M.'s subjective testimony.

### 3. Remedy

Ms. M. argues this matter should not be remanded for further proceedings. Rather, she claims this Court should remand for an immediate award of benefits. The Court disagrees.

Courts apply the three-part credit-as-true standard to determine when to remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Where the ALJ makes a legal error, but there is a need to resolve conflicting

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 17

evidence and ambiguities in the record, remand for an award of benefits is inappropriate. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Only where there are no outstanding issues requiring resolution can a witness's testimony be credited as true without further proceedings. *Id*. at 1105-06. "An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1045-46 (9th Cir. 2017).

This is not a rare case where a remand for benefits is appropriate. The record shows Ms. M. is amenable to treatment. And the record contains medical opinions, albeit only one or two from a treating physician, that support the ALJ's finding that Ms. M. could do a range of light work. *See* Tr. 119-20, 131-32, 150-58, 176-84.[7] Remand for further proceedings is therefore appropriate.

CONCLUSION

For the reasons stated above, the Commissioner's final decision is REVERSED and REMANDED for further proceedings consistent with this opinion. On remand, the ALJ shall address the errors set forth herein, reconsider the evidence, develop the record as needed, conduct a new sequential evaluation, and issue a new decision.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 18

Accordingly, **IT IS HEREBY ORDERED**:

    1.    Ms. M.'s Brief, **ECF No. 15**, is **GRANTED**.

    2.    Defendant's Brief, **ECF No. 17**, is **DENIED**.

    3.    This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

    **IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Ms. M. and the file shall be **CLOSED**.

    **DATED** July 16, 2026.

REBECCA L. PENNELL
United States District Judge

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION
* 19